Argued November 7, 1973, affirmed January 4, 1974

BIRKEMEIER ET AL, *Respondents, v.*
WICKLUND, *Appellant.*
517 P2d 680

*Peter A. Schwabe, Jr.,* Portland, argued the cause for appellant. With him on the brief were Schwabe & Schwabe and David H. Greenberg, Portland.

*Wayne C. Annala,* Hood River, argued the cause for respondents. With him on the brief were Annala & Lockwood, Hood River.

PER CURIAM.

This is a suit brought by the children of decedent Clyde A. Wicklund, claiming that they, as heirs and devisees under the will rather than defendant, who is decedent's widow, are the owners of a vendee's interest in certain real property, hereafter referred to as the "Bridgmon property." The trial court entered a decree declaring plaintiffs to be the owners. Defendant appeals.

The issues raised by defendant's appeal are wholly factual. A review of the record leads us to concur in the decision of the trial court. The remainder of this opinion borrows heavily from the trial judge's written opinion.

Clyde A. Wicklund died testate on July 30th, 1971. Upon the petition of defendant Pearl M. Wicklund, his widow, his will was admitted to probate on August 19, 1971. Mrs. Wicklund was appointed personal representative of the estate. The will contained the following provision:

"IV

"If my wife, PEARL M. WICKLUND, survives me, I give and devise to her a life estate in all of my real property and charge her with the duty

and responsibility to promptly pay all taxes and assessments of every kind, and this is to include any liens which might become a lien upon the premises, to pay the insurance on the improvements thereon and to maintain said improvements and in the event that she shall fail, neglect, or refuse to meet such obligations, then, in that event, the interest herein devised shall cease and the remaindermen shall be entitled to accelerate the right of title and possession."

On May 5, 1969, the decedent had entered into a contract for the purchase of real property which is the subject of this suit from Jack S. Bridgmon and wife. The purchase price of this property was $21,000.00, the down payment was $4,000.00, and the balance was to be paid in monthly installments of $100.00 per month including interest at the rate of 7% per annum on the unpaid balance. The purchaser agreed to pay all taxes and liens which might lawfully be imposed upon the property and was responsible for fire insurance premiums, etc.

In evidence in the present case was a purported partial assignment of this contract to defendant, dated "this — day of August, 1969," signed by C. A. Wicklund. The document purports to create an estate by the entirety.

According to the defendant, after she received the assignment she placed it among her personal papers and it left her mind until the document was shown to her by her attorneys in March, 1972, by which time this suit had been initiated. Apparently, during August of the preceding year she had mailed to her attorney, David M. Greenberg, a number of papers which she had not examined. He testified that he did not examine these papers when he received them and was

unaware of the purported assignment until March of 1972, when it was discovered by an associate.

There was substantial evidence in the record which tends to refute defendant's explanation of this document. In the first place, this assignment was not acknowledged although an acknowledgment form is a part of the instrument. This is significant because there is also in evidence a deed to another parcel, dated June 26, 1971, from the decedent to the defendant, which was acknowledged and apparently recorded in Hood River County, Oregon. Moreover, the decedent conveyed a portion of the Bridgmon property by his own deed without the defendant's signature in February of 1971. In addition, defendant did not list this latter property in the original inventory, whereas she did include the disputed parcel. An amended inventory of the estate omitting the Bridgmon property was not filed in the probate court until November 13, 1972.

■ From this it must be inferred that the defendant was totally unaware of the purported assignment of the Bridgmon contract. Moreover, the evidence convinces us that the purported assignment of the Bridgmon contract was never delivered to the defendant. We therefore conclude that this document does not vest title to this property in defendant.

■ The defendant's second contention is that in the event the assignment was not executed and delivered, the property remains subject to the expenses of administration and claims against the estate. By way of explanation of her activity regarding the Bridgmon property, she points to ORS 112.375, which states that "a mere testamentary direction to pay debts, charges, taxes or expenses of administration shall not be con-

sidered a direction for exoneration from encumbrances * * *." Thus, she argues, her conduct, as described below, merely represented a rightful refusal to exonerate.

Plaintiffs counter with the assertion that defendant's conduct toward the Bridgmon property constituted an abandonment of both the estate's and her own testamentary interest. As for the estate's interest, they point to ORS 114.305, which authorizes a personal representative to

"(7) Abandon burdensome property when it is valueless, or is so encumbered or is in a condition that it is of no benefit to the estate."

As for defendant's testamentary interest, plaintiffs rely on *Hull v. Clemens,* 200 Or 533, 267 P2d 225 (1954), where the court held that a purchaser under a land sale contract may abandon an equitable interest in the real property. A review of the record leads us to conclude that defendant's conduct constituted an abandonment.

Upon the admission of the will to probate on August 19, 1971, Attorney Greenberg with full knowledge of the defendant and acting for her in both her personal and representative capacities told plaintiff Linda Birkemeier, that it looked like the property would be hers before the month was out. Thereafter, William E. Blitsch, the attorney representing plaintiffs, wrote Greenberg asking generally about the will being put in probate. Greenberg wrote to Blitsch in response by enclosing copies of the notice and the will and asking to hear from the plaintiffs about the property in question "which calls for monthly payments of $100.00 per month."

Subsequently, Greenberg discussed the matter with Blitsch and on October 12th wrote to him stating that his client did not intend to make any further payments under the contract and requesting reimbursement in the sum of $80.00, being the amount by which the August and September payments made by her exceeded the rent she had received. On October 26th, Greenberg again wrote Blitsch stating, "[defendant] does not intend to make any further payments since it is the obligation of your clients if they wish to retain their rights in the property." In this letter he called attention to an insurance premium which was payable and further stated, "If you continue to ignore my letters and the real property contract is foreclosed for lack of payment it will be because of your lack of interest or attention." When these letters were written, Greenberg and his client were well aware of the provisions of Paragraph IV of the will recited above.

On October 27, 1971, Greenberg received a letter from the attorneys for the Bridgmons threatening foreclosure on account of nonpayment of installments. He forwarded a copy of this letter to Blitsch with an accompanying letter in which he stated, "My client, Mrs. Pearl M. Wicklund, will not make any further payments on the contract."

The defendant made no payments as required by the will except in August and September. The evidence is clear that not only did defendant abandon the property in fact both as personal representative and as a devisee under the will, but she proclaimed this abandonment several times through her attorney.

After being advised of the abandonment by Greenberg and by a copy of a letter from the attorney for the vendors, the plaintiffs proceeded to make the

required payments. In addition the plaintiff, Linda Birkemeier and her husband, on or about December 10, 1971, commenced construction of a residence on the premises. They had invested approximately $20,000 in labor and materials before discontinuing it. On December 27, Blitsch wrote Greenberg requesting a relinquishment of the defendant's interest. Greenberg responded on December 28th by declining this request. He stated further that he and the defendant were considering whether to petition the court for an order to sell the property, "since the estate has no funds with which to pay its expenses including attorney's fees and the fees of the personal representative."

No such petition was ever filed, though one apparently was prepared. However, the amended inventory deleting the Bridgmon property was filed November 13th, 1972.

This case has a striking similarity to *Hull v. Clemens, supra,* wherein the party abandoning property had second thoughts after it became more valuable. Although in that case the lapse which preceded the attempt to retain title was somewhat longer than in the present case, the situation in all other respects appears to be the same.

The decree of the trial court is affirmed.